**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **MAGISTRATE NO. 26-MJ-035** |
| | : | |
| **MICHAEL RALPH COLLINS,** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 922(g)(1)** |
| **Defendant.** | : | **(Unlawful Possession of a Firearm and** |
| | : | **Ammunition by a Person Convicted of a** |
| | : | **Crime Punishable by imprisonment for a** |
| | : | **Term Exceeding One Year)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 924(d); 21 U.S.C. § 853(p);** |
| | : | **and 28 U.S.C. § 2461(c)** |

**I N F O R M A T I O N**

The United States Attorney charges that:

**COUNT ONE**

Between on or about February 15, 2026, and on or about February 18, 2026, within the District of Columbia, **MICHAEL RALPH COLLINS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Prince George's County Circuit Court, Case Number CT140042A, did unlawfully and knowingly receive and possess a firearm, that is, a Ruger, model P90DC, .45 caliber semiautomatic handgun, and accompanying ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section, 922(g)(1))

**FORFEITURE ALLEGATION**

1.      Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Ruger, model P90DC, .45-caliber semiautomatic handgun, and accompanying ammunition.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to

the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by

28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Jared English*
JARED ENGLISH
Assistant United States Attorney
D.C. Bar No. 1023926
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-465-0089
Email: Jared.English@usdoj.gov